**[Cite as *Divoky v. Acquaviva*, 2023-Ohio-4367.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| REBECCA DIVOKY, et al., | CASE NO. 2023-G-0004 |
| Appellant, | |
| - vs - | Administrative Appeal from the Court of Common Pleas |
| RICHARD ACQUAVIVA, ZONING INSPECTOR HAMBDEN TOWNSHIP, | Trial Court No. 2020 A 000451 |
| Appellee. | |

## O P I N I O N

Decided: December 4, 2023
Judgment: Appeal Dismissed

*Erik L. Walter*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Appellant).

*John D. Pinzone* and *Frank H. Scialdone*, Mazanec, Raskin & Ryder Co, LPA, 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (For Appellee).

ROBERT J. PATTON, J.

{¶1} Appellant, Rebecca Divoky ("Ms. Divoky"), appeals the order of the Geauga County Common Pleas Court declining to find appellee, Richard Acquaviva ("Mr. Acquaviva"), the Hambden Township zoning inspector, in contempt for not enforcing a zoning regulation.

{¶2} Divoky sought an order of contempt against Mr. Acquaviva arising from the earlier order of the trial court of April 5, 2021, where it reversed the decision of the Hambden Township Board of Zoning Appeals ("BZA"). The April 5, 2021, order granted

Ms. Divoky's appeal and directed Mr. Acquaviva to enforce a 50-foot zoning regulation. Enforcement of the regulation would require a neighboring mobile home park district to implement a 50-foot buffer zone distancing the trailers from Ms. Divoky's property line adjacent to the park.

{¶3} Ms. Divoky moved to one of the properties adjacent to Leaders Mobile Home Park ("Leaders") in 2012. The property was previously owned and occupied by her husband, Daniel Divoky, who acquired the property from his family in 2002. Ms. Divoky testified that she first contacted the zoning inspector in Hambden Township about her concerns with Leaders in 2012, when she noticed they were tearing down trees, elongating the road and expanding the park. She testified in an October 17, 2019, BZA hearing that when she contacted the zoning inspector in 2012 she was told that there was nothing that could be done. In 2017, Ms. Divoky and her husband purchased additional property adjacent to Leaders and she testified that it was at that point they felt compelled to take further action. Ms. Divoky again contacted the zoning inspector about trouble arising from the expansion of the trailer park and an abundance of trash, litter, trespassing tenants, and encroachments from the trailer park onto her property. Ms. Divoky contends that storage sheds and other structures were built and encroached onto her property. Ms. Divoky further testified that she and her husband paid $40,000 to construct a fence to attempt to remedy the problem themselves, but to no avail.

{¶4} In October of 2017, Ms. Divoky's husband filed a complaint with the Hambden Township zoning inspector. The complaint was denied because the property line was not clear. As a result, Ms. Divoky and her husband worked with Leaders' owner to define the property line. Some of the encroachments were then corrected. In February

2

of 2018, Ms. Divoky contacted Mr. Acquaviva again and explained that while many encroachments were eliminated, others remained. Ms. Divoky believed that Leaders was in violation of Section 405.13 of the Hambden Township Zoning Resolution, which required a 50-foot buffer zone where a residential district abuts a manufactured home park district. Ms. Divoky filed a second complaint against Leaders for non-compliance with the 50-foot buffer zone on July 24, 2019. Mr. Acquaviva did not inspect the property in response to Ms. Divoky's complaint. On October 17, 2019, Mr. Acquaviva testified at a BZA hearing that an investigator representing the Ohio Department of Commerce inspected the property. Mr. Acquaviva further testified that, based on his interaction with the Ohio Department of Commerce, he believed that the State of Ohio exclusively regulated the use and operation of mobile home parks. Based on that belief, Mr. Acquaviva concluded that the Ohio Department of Commerce had sole authority to regulate mobile home parks in the State of Ohio. Mr. Acquaviva maintained that the State requires only a 10-foot setback from the property line, and that the investigator reported that no violation of that 10-foot setback was found. Mr. Acquaviva maintained that to enforce the 50-foot buffer zone regulation would conflict with the 10-foot State regulation, force Leaders to displace the residents of the trailers while they relocate, and force Leaders to push the park boundaries away from Ms. Divoky's property towards the public road resulting in new State violations.

{¶5} With this information, Mr. Acquaviva denied appellant's zoning complaint. Ms. Divoky appealed Mr. Acquaviva's decision to the Hambden Township BZA, and her appeal was denied. Ms. Divoky then appealed the decision of the BZA to the Geauga County Court of Common Pleas. In the court below, Mr. Acquaviva argued, in addition to

3

being preempted by the State's regulations, that Leaders' violation of the 50-foot buffer zone constituted a pre-existing non-conforming use and therefore was not subject to the township's zoning regulations. The trial court determined that Mr. Acquaviva did not provide support to find that Leaders enjoyed a pre-existing non-conforming use status. On April 5, 2021, the Geauga County Common Pleas decision overruled the BZA's denial of Ms. Divoky's appeal and reversed the decision of the Hambden Township BZA. In that decision, the trial court clarified that the State regulations do not preclude the Hambden Township from enforcing a stricter buffer zone regulation.

{¶6}   Appellant's sole assignment of error asserts: "The trial court erred when it denied Appellant's Motion to Show Cause without an evidentiary hearing after allowing Appellee to enter new evidence." We disagree.

{¶7}   The record reflects that Ms. Divoky seeks enforcement of the April 5, 2021 order which overruled the BZA. However, an amendment was adopted by the Hambden Township Zoning Commission Board of Trustees that eliminated the 50-foot zoning requirement on June 15, 2022. On December 30, 2022, more than six months after the zoning ordinance was eliminated, Ms. Divoky filed an order to show cause asking the trial court to find Mr. Acquaviva in contempt for not enforcing the April 5, 2021, order. In his brief in opposition, filed on January 13, 2023, Mr. Acquaviva informed the trial court of the recently adopted amendment which rendered any enforcement of the April 5, 2021 order moot. On January 30, 2023, the trial court denied Ms. Divoky's motion for order to show cause.

{¶8}   Appellant's motion to show cause was filed more than six months after the Hambden Township Board of Trustees amended their zoning ordinances, eliminating the

4

50-foot buffer requirement. When appellant filed her motion to show cause, there was no longer an ordinance that served as the legal predicate to the relief she requested. The absence of a legal foundation for appellant's motion to show cause renders the trial court's decision of January 30, 2023, as moot. A township cannot enforce a zoning ordinance that no longer exists. Accordingly, this appeal is moot and must be dismissed.

{¶9} For the foregoing reasons, this appeal is dismissed.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2023-G-0004